IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BOARDS OF TRUSTEES OF THE OHIO
LABORERS' FRINGE BENEFIT PROGRAMS,**

      **Plaintiffs,**

  vs.                                      Civil Action 2:15-CV-1126
                                                Judge Marbley
                                                Magistrate Judge King

**MCVAY MASONRY, LLC.**

      **Defendant.**

## REPORT AND RECOMMENDATION

This is an action for unpaid fringe benefit contributions, liquidated damages, and interest allegedly owed certain employee benefits plans pursuant to a collective bargaining agreement. Plaintiffs, the trustees of four trust funds, assert claims under ERISA, 29 U.S.C. § 1132, and the LMRA, 29 U.S.C. § 185. Defendant McVay Masonry, LLC ("defendant"), was served with a summons and a copy of the *Complaint* on April 14, 2015, *see* ECF 3, but has failed to plead or otherwise defend this action. Plaintiff applied to the Clerk for entry of default, *Plaintiffs' Application for Entry of Default against Defendant*, ECF 6, and the Clerk entered default pursuant to Fed. R. Civ. P. 55(a) on June 22, 2015. *Entry of Default*, ECF 7. This matter is now before the Court on *Plaintiffs' Motion for Default Judgment*, ECF 9.

Plaintiffs have established that defendant entered into an agreement with a local union affiliated with the Laborers' District Council of Ohio, AFL-CIO, by which defendant agreed to pay

1

contributions to the funds, by the 15th of each month, on behalf of its employees working within the work jurisdiction of the union. *Plaintiffs' Motion for Default Judgment*, Exhibits A, B.  The *Affidavit of Plaintiffs' Contractor Relations Manager*, attached to *Plaintiffs' Motion for Default Judgment* as ECF 9-2, establishes that defendant owes $3,586.81 in unpaid fringe benefit contributions for the period February 2014 through April 2015.  *Id*. at ¶ 3; *Plaintiffs' Motion for Default Judgment*, Exhibit C.  Plaintiffs are entitled to liquidated damages, interest, and attorney fees on these unpaid contributions. 29 U.S.C. § 1132(g)(2); *Mich. Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc*., 933 F.2d 376 (6th Cir. 1991).  Plaintiffs have established that defendant owes $889.31 in liquidated damages and interest on the unpaid contributions through April 2015.  *Affidavit of Plaintiffs' Contractor Relations Manager*, ¶ 3; *Plaintiffs' Motion for Default Judgment*, Exhibit C.

    Plaintiffs seek an award of attorney's fees in the amount of $2,040.00, for eight attorney hours billed at the rate of $255 per hour.  *Plaintiffs' Motion for Default Judgment*, p. 4, Exhibit D. Plaintiffs have provided evidentiary support that the number of hours billed and the hourly rate charged are reasonable.  *Plaintiffs' Affidavit in Support of Their Motion for Default Judgment*, attached to *Plaintiffs' Motion for Default Judgment* as ECF 9-1; *Plaintiffs' Motion for Default Judgment*, Exhibit D.

    Plaintiffs are therefore entitled to judgment in the amount of $4,476.12 in unpaid fringe benefit contributions, liquidated damages,

and prejudgment interest, and an award of attorney's fees in the amount of $2,040.

Accordingly, it is **RECOMMENDED** that *Plaintiffs' Motion for Default Judgment*, ECF 9, be **GRANTED**.  It is **FURTHER RECOMMENDED** that the Clerk enter judgment against defendant and that plaintiffs Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs have and recover from McVay Masonry, LLC, the sum of Four Thousand Four Hundred Seventy-Six Dollars and Twelve Cents ($4,476.12), including unpaid fringe benefit contributions through April 2015, prejudgment interest, and liquidated damages, and a reasonable attorney's fee in the amount of Two Thousand Forty Dollars ($2,040), plus interest from the date of judgment at the rate of one percent (1%) per month.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States*

3

*v. Walters*, 638 F.2d 947 (6th Cir. 1981).


June 26, 2015                                   *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                                  United States Magistrate Judge

Case: 2:15-cv-01126-ALM-NMK Doc #: 10 Filed: 06/26/15 Page: 4 of 4  PAGEID #: 34